IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LONNIE DIXON, # 178770, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:11cv1112-WHA |
| | ) | (WO) |
| J.C. GILES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter is before the court on a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 filed by Alabama inmate Lonnie Dixon ("Dixon").

## I.  BACKGROUND

On February 8, 2008, a Dale County jury found Dixon guilty of attempted murder, in

violation of §§ 13A-4-2 and 13A-6-2(a), Ala. Code 1975, and first-degree robbery, in

violation of § 13A-8-41(a)(1), Ala. Code 1975.  On May 8, 2008, the trial court sentenced

Dixon as a habitual offender to concurrent terms of life in prison.

Dixon appealed to the Alabama Court of Criminal Appeals, raising claims that (1) the

trial court erred in denying his motion to suppress the victim's identification of him based

on an unduly suggestive pretrial identification procedure; (2) the trial court erred in denying

his motion under *Batson v. Kentucky*, 476 U.S. 79 (1986); (3) the trial court erred by refusing

to give his requested jury instructions regarding lesser included offenses and voluntary

intoxication; (4) he was entitled to a new trial under the cumulative-error doctrine; and (5) the

State did not present sufficient evidence to support his convictions.  *See* Exh. B at 13-15.[1]

On May 22, 2009, by unpublished memorandum opinion, the Alabama Court of Criminal Appeals affirmed Dixon's convictions and sentence.  Exh. D.  Dixon filed no application for rehearing, and he did not petition the Alabama Supreme Court for certiorari review.  The Alabama Court of Criminal Appeals issued a certificate of judgment on June 19, 2009.  Exh. E.

On March 25, 2010, Dixon filed with the trial court (the Circuit Court of Dale County) a post-conviction petition under Ala. R. Crim. P. 32, asserting the following claims:

1.  The trial court was without jurisdiction to render judgment or impose sentence because the record in his case did not show that an oath was administered to the jury venire or the petit jury.

2.  His trial counsel was ineffective for failing to argue his convictions for attempted murder and first-degree robbery violated the principles of the Double Jeopardy Clause.

3.  His appellate counsel was ineffective for failing to file an application for rehearing with the Alabama Court of Criminal Appeals after that court issued its memorandum opinion affirming his convictions and sentence.

Exh. F at 18-22.

Dixon later amended his Rule 32 petition to add claims that (1) the trial court erred in denying his motion to suppress a gun admitted in evidence at trial, and (2) his appellate

---

[1] In this and other sections of this Recommendation, all references to exhibits ("Exh.") are to those included with the respondents' Answer, Doc. No. 6.  References to document numbers ("Doc. No.") are to those assigned by the Clerk in this civil action.  Page references are to those assigned by CM/ECF.

counsel was ineffective for failing to argue on appeal that "an unofficial jury foreman" was allowed to request "materials and tangible evidence" before the trial court instructed the jury on the law.  Exh. F. at 37-41.

On October 26, 2010, an evidentiary hearing was held on Dixon's Rule 32 petition, at which Dixon testified and was represented by counsel.  Exh. F at 77-96.  On November 19, 2010, the trial court entered an order denying the Rule 32 petition, finding, among other things, that (1) the jury was properly sworn prior to trial; (2) Dixon's attempted-murder and first-degree-robbery convictions did not violate the principles of double jeopardy; (3) Dixon's appellate counsel was not ineffective for failing to file an application for rehearing; and (4) Dixon's remaining claims were without merit and were precluded because they could have been raised on direct appeal.  Exh. F. at 69-70.

Dixon appealed to the Alabama Court of Criminal Appeals, and on September 11, 2011, by unpublished memorandum opinion, that court affirmed the trial court's judgment denying Dixon's Rule 32 petition.  Exh. J.  Specifically, the appellate court held (1) Dixon's claim that an oath was not given to the jury venire and petit jury was without merit because the record reflected that the jury venire was qualified and the Rule 32 judge, who also presided over Dixon's trial, made a finding of fact that "the jury was properly sworn prior to trial;" (2) Dixon's trial counsel was not ineffective for failing to argue that his attempted-murder and first-degree-robbery convictions violated the Double Jeopardy Clause because each offense required proof of a fact that the other did not; (3) Dixon could not be deprived

3

of effective assistance of counsel when his appellate counsel did not file an application for rehearing because he was not entitled to counsel during such a discretionary proceeding; (4) Dixon's claim that the trial court erred by denying his motion to suppress a gun admitted as evidence at trial was procedurally barred under Ala. R. Crim. P. 32.2(a)(5) because it could have been, but was not, raised on direct appeal; and (5) Dixon's claim that his appellate counsel was ineffective for failing to raise on direct appeal the propriety of the trial court's denial of his motion for mistrial based on alleged jury misconduct was properly dismissed because Dixon failed to comply with the pleading and specificity requirements of Ala. R.Crim.P. 32.3 and 32.6(b).[2]  Exh. J at 5-12.

Dixon filed an application for rehearing, which the Alabama Court of Criminal Appeals overruled on October 7, 2011.  Exhs. K and L.  He then filed a petition for certiorari review with the Alabama Supreme Court, which that court denied on December 9, 2011, issuing a certificate of judgment the same day.  Exhs. K - N.

On December 27, 2011, Dixon filed this petition for writ of habeas corpus under 28 U.S.C. § 2254, asserting the following claims:

1.      The trial court was without jurisdiction to render judgment or impose sentence because the record in his case did not show that an oath was administered to the jury venire or the petit jury.

---

[2] The Alabama Court of Criminal Appeals also held that a claim by Dixon that the State had "tampered with" legal court documentation was not preserved for appellate review because it had not been raised before the trial court.  Exh. J at 11-12.

2.      His trial counsel was ineffective for failing to argue his convictions for attempted murder and first-degree robbery violated the principles of the Double Jeopardy Clause.

3.      His appellate counsel was ineffective for failing to file an application for rehearing with the Alabama Court of Criminal Appeals after that court issued its memorandum opinion affirming his convictions and sentence.

4.      The trial court erred in denying his motion to suppress the gun admitted in evidence at trial

Doc. No. 1 at 5-8; Doc. 1-1 at 2-7.

The respondents argue that the state courts correctly adjudicated the merits of Dixon's claims regarding the swearing in of the jury, double jeopardy/ineffective assistance of trial counsel, and appellate counsel's failure to file an application for hearing, and that Dixon procedurally defaulted on his claim regarding suppression of the gun evidence admitted at trial. *See* Doc. No. 6. Following a careful review of Dixon's § 2254 petition, the undersigned finds Dixon is not entitled to habeas relief on the basis of any of his claims and that his petition should be denied without an evidentiary hearing. Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

### A.     Claims Adjudicated on Merits by State Courts

"When it enacted the Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA'), Congress significantly limited the circumstances under which a habeas petitioner may obtain relief." *Hardy v. Allen*, 2010 WL 9447204 (N.D. Ala. Sep. 21, 2010).

5

To prevail on a properly presented § 2254 claim adjudicated on the merits by the state courts, a petitioner must show that a decision by the state courts was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was "based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceeding." 28 U.S.C. §2254(d)(1) and (2);[3] *see Williams v. Taylor*, 529 U.S. 362, 404-05 & 412-13 (2000). A state court's decision can be "contrary to" federal law either (1) if it fails to apply the correct controlling authority, or (2) if it applies the controlling authority to a case involving facts "materially indistinguishable" from those in a controlling case, but nonetheless reaches a different result. *Williams*, 529 U.S. at 405-06. A state court's decision can involve an "unreasonable application" of federal law if it either (1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or (2) extends or fails

---

[3] Section 2254(d) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1)   resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or
> >
> > (2)   resulted in a decision based on an unreasonable determination of the facts, in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

to extend a clearly established legal principle to a new context in a way that is objectively unreasonable. *Id*. at 407. "Federal habeas relief is available under the 'unreasonable application' standard only if the state court's application of clearly established federal law was 'objectively unreasonable.'" *Parker v. Head*, 244 F.3d 831 (11ᵗʰ Cir. 2001) (citing *Williams*, 529 U.S. at 409).

Federal district courts are likewise directed to determine whether the state court based its findings on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). A state court's determinations of fact shall be "presumed to be correct," and the habeas petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). However, even when the state court addresses a question of law, this court is not authorized "to evaluate [a petitioner's] claim *de novo* rather than through the lens of § 2254(d)." *Price v. Vincent*, 538 U.S. 634, 639 (2003).

"This is a 'difficult to meet," *Harrington v. Richter*, 562 U.S. 86, ___, 131 S.Ct. 770, 786 (2011), and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt,' *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)." *Cullen v. Pinholster*, ___ U.S. ___, ___, 131 S.Ct. 1388, 1398 (2011). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 131 S.Ct. at 786 (citing *Yarborough v. Alvarado*, 541 U.S.

652, 664 (2004)).

### 1.       Swearing in of Jury

Dixon contends the trial court was without jurisdiction to render judgment or impose sentence because, he says, the record in his case did not show that an oath was administered to the jury venire or the petit jury.  Doc. No. 1-1 at 2-3.

Dixon presented this claim in his Rule 32 petition, and following an evidentiary hearing, the trial court denied relief on the claim, finding "[t]he jury was properly sworn prior to trial."  Exh. F at 69.  Dixon pursued this claim in appealing the Rule 32 court's judgment. The Alabama Court of Criminal Appeals, after first noting that the State could not rely on a "supplemental transcript" attached to the State's motion to dismiss Dixon's Rule 32 petition to refute this claim,[4] rejected Dixon's claim for relief, holding:

---

[4] A preface to the supplemental transcript indicated it "corrected Page-2 of the trial transcript to include the word 'swore' which was omitted by error.  The panel was sworn by the Court both generally for the week and specifically for the subject trial."  Exh. F at 31.  The supplemental transcript added the following exchange, which was not in the original trial transcript:

> THE COURT: "At this time if you will stand and raise your right hand, I'll give you the oath touching your qualifications as a Juror.
>
> JURORS:  (Jurors comply)
>
> The Court:  You do solemnly swear or affirm that you will true answer make to such questions that may be asked you touching your qualifications as a Juror.  If you will, please say I will.
>
> JURORS:  (Jurors comply in the affirmative)
>
> THE COURT:  Thank you, you may be seated."

(continued...)

Nevertheless, we conclude that the record makes some affirmative showing that the oath was administered to the jury. The portion of the original certified record that was submitted with Dixon's petition affirmatively states that the trial court "both generally and specially qualified the jury venire." (C. 14.) Rule 12.1(c), Ala. R. Crim. P., provides:

"Qualifying the Venire. On the opening day of the term, or on such other day as the venire shall have been summoned to appear, the judge presiding shall proceed to organize the court, by:

"(1) Determining which jurors are present;

"(2) Administering or causing to be administered to the jurors the following oath as required by law;

"'Do you and each of you solemnly swear or affirm that you will well and truly answer all questions propounded to you touching your general qualifications as a juror, or qualifications as a grand juror or petit juror, and that you will well and truly try all issues and execute all writs of inquiry submitted to you and true verdicts render according to the law and evidence, so help you God?'

"and,

"(3) Inquiring of the jurors as to their qualifications in

_____

[4](...continued)
Exh. F at 31. The supplemental transcript also changed the statement in the original transcript concerning the beginning of the proceedings, as follows:

(Whereupon, the case was called and the Court both generally and specially qualified and swore the Jury Venire, voir dire was conducted by counsel for the State and Defendant, a Jury was struck and the following occurred): ....

Exh. F at 32 (emphasis added). The supplemental transcript contained an unverified signature of the court reporter that was dated April 15, 2010. *Id*. at 31.

general, considering any excuse or postponement from service for the term, and excusing from service those jurors who are disqualified or who are entitled to be excused."

Under Rule 12.1 (c), administration of the oath is a required part of qualifying the venire. In the present case, the record affirmatively states that the venire was qualified. Therefore, the record makes some affirmative showing that the oath was administered to the jury; thus, Dixon's argument is without merit.

Furthermore, we note that the judge who presided over Dixon's trial proceedings is the same judge who presided over Dixon's Rule 32 proceedings. In the order denying Dixon's Rule 32 petition, the judge made specific findings of fact, including the fact that "the jury was properly sworn prior to trial." (C. 69.) Generally, a circuit judge who has personal knowledge of the facts underlying an allegation in a Rule 32 petition may deny the allegation based on that personal knowledge. *Rhone v. State*, 900 So. 2d 443, 449-50 (Ala. Crim. App. 2004), reversed in part on other grounds, *Ex parte Rhone*, 900 So. 2d 455 (Ala. 2004); *Harper v. State*, 676 So. 2d 949, 950-51 (Ala. Crim. App. 1995).

Exh. J at 6-8.

To the extent Dixon challenges the state court's application of state law and state procedural rules, his claim warrants no relief. Federal habeas relief for a person in custody under the judgment of a state court is available only on the ground that the custody violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Jones v. Goodwin*, 982 F.2d 464, 471 (11th Cir. 1993); *Krasnow v. Navarro*, 909 So. 2d 451, 452 (11th Cir. 1990). A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no federal constitutional question is presented. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal

habeas court to reexamine state-court determinations on state-law questions.").  Whether the trial court failed to follow state procedure regarding the jury oath is a matter of state law and is not cognizable on federal habeas corpus review.  *See, e.g., Allison v. McNeil*, 2008 WL 1924281, at *12 (M.D. Fla. May 1, 2008) (finding whether prospective jurors were properly sworn to be a question of state law); *McLeod v. Graham*, 2010 WL 5125317, at *6 (E.D. N.Y. Dec. 9, 2010) (finding federal habeas court could not review jury truthfulness oath as it was question of state law); *Gaskin v. Graham*, 2009 WL 5214498, at *27 n.9 (W.D. N.Y. Dec. 30, 2009) (same); *Pinkney v. Senkowski*, 2006 WL 3208595, at *6 (S.D. N.Y. Nov. 3, 2006) (same).

To the extent Dixon's claim, liberally construed, asserts a federal due process claim, the claim warrants no relief.  The Alabama Court of Criminal Appeals found the statement in the certified record that the trial court "both generally and specially qualified the jury venire" sufficient to establish that the oath was administered to the jury.  Moreover, the appellate court gave deference to the factual findings of the circuit judge who presided over Dixon's trial that the jury was properly sworn prior to trial.  The factual determinations by a state court are presumed to be correct, and Dixon fails to meet his burden of rebutting this presumption of correctness by clear and convincing evidence.  *See* 28 U.S.C. § 2254(e)(1).

Dixon fails to show that the state court based its findings on an unreasonable determination of the facts in light of the evidence.  *See* 28 U.S.C. § 2254(d)(2).  Further, he fails to assert, let alone demonstrate, that the state court's rejection of his jury oath claim was

contrary to or involved an unreasonable application of federal law establish by United States Supreme Court precedent.  *See* 28 U.S.C. §2254(d)(1).  Because he does not establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement," *Harrington*, 131 S.Ct. at 786-87, he is not entitled to habeas relief on his claim.

### 2. *Trial Counsel's Failure to Argue Double Jeopardy*

Dixon claims his trial counsel was ineffective for failing to argue that his convictions for attempted murder and first-degree robbery violated the principles of the Double Jeopardy Clause.[5]  Doc. No. 1-1 at 3-5.

Dixon presented this claim in his Rule 32 petition, and the trial court ruled that the claim lacked merit.  The Alabama Court of Criminal Appeals affirmed the Rule 32 court's judgment, addressing the claim as follows:

> Next, Dixon alleges that his trial counsel was ineffective for failing to argue that his convictions for attempted murder and first-degree robbery violated the principles of the Double Jeopardy Clause.  To prevail on his ineffective-assistance-of-counsel claim, Dixon must show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive Dixon of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  Dixon has failed to show that his trial counsel's performance was deficient or that any deficient performance prejudiced the defense because Dixon's convictions for attempted murder and first-degree robbery do not violate the principles of the double jeopardy.

---

[5] The State's evidence indicated Dixon committed an armed robbery of a service station and that during the robbery he fired several shots from his .357 handgun at a store employee.

"The double jeopardy provisions confer three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense." *Ex parte Wright*, 477 So. 2d 492, 493 (Ala. 1985). In determining whether two offenses constitute the "same offense" for the purposes of double jeopardy, the United States Supreme Court set forth the following test: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. U.S.*, 284 U.S. 299, 304 (1932).

To prove attempted murder, the State is required to prove that the defendant intended to cause the death of another person; however, first-degree robbery has no such requirement. Conversely, to prove first-degree robbery, the State is required to prove that the defendant committed certain acts while "in the course of committing a theft"; however, attempted murder does not have to be committed "in the course of committing a theft." Compare §§ 13A-4-2 and 13A-6-2, Ala. Code 1975 (setting forth the elements of attempted murder) with §§ 13A-8-41 and 13A-8-43, Ala. Code 1975 (setting forth the elements of first-degree robbery). Because each crime requires proof of a fact that the other crime does not, Dixon's attempted murder and first-degree robbery convictions do not constitute the same offense and, thus, do not violate the principles of double jeopardy. Therefore, we conclude that Dixon has failed to show that his trial counsel's failure to raise this issue constituted ineffective assistance of counsel under *Strickland*; thus, the circuit court did not err in denying this claim in Dixon's Rule 32 petition.

Exh. J at 8-9.

The Alabama Court of Criminal Appeals applied *Strickland v. Washington*, 466 U.S. 668 (1984), in determining that the Rule 32 court correctly denied Dixon relief on this claim. *Strickland* sets forth the clearly established federal law on claims of ineffective assistance of counsel and requires that a petitioner alleging ineffective assistance establish that his counsel's performance was deficient and that he was actually prejudiced by the inadequate

13

performance:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland*, 466 U.S. at 687.

The Alabama Court of Criminal Appeals looked to *Blockburger v. United States*, 284 U.S. 299, 304 (1932), in assessing the merits of Dixon's double jeopardy argument. Multiple convictions arising from the same criminal transaction do not violate the double jeopardy clause if each of the offenses requires proof of a fact that the other does not. *Blockburger*, 284 U.S. at 304.

> [W]here the two offenses for which the defendant is punished or tried cannot survive the "same elements" test [of *Blockburger v. United States*, 284 U.S. 299, 304 (1932)], the double jeopardy bar applies. The same elements test, sometimes referred to as the "Blockburger" test, inquires whether each offense contains an element not contained in the other; if not, they are the "same offense" and double jeopardy bars additional punishment and successive prosecution.

*United States v. Dixon*, 509 U.S. 688, 696 (1993) (citations omitted).

Applying the *Blockburger* test, the Alabama Court of Criminal Appeals found that, under the relevant Alabama statutes, the crimes of attempted murder and first-robbery each require proof of a fact that the other crime does not (for attempted murder, intent to cause the death of another person; for first-degree robbery, commission of certain acts while in the course of committing a theft), and thus Dixon's convictions for both crimes did not violate

14

the principles of the Double Jeopardy Clause.  *See* §§ 13A-4-2 and 13A-6-2, Ala. Code 1975;

§§ 13A-8-41 and 13A-8-43, Ala. Code 1975.

Because proof of each crime requires proof of an element not required in the other

crime, Dixon's attempted-murder and first-degree-robbery convictions do not violate the

prohibition against double jeopardy.  Consequently, his trial counsel was not ineffective for

failing to argue that his convictions for both offenses violated the principles of the Double

Jeopardy Clause.  Counsel is not ineffective for failing to raise a meritless issue.  *See United

States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992).  The state court's rejection of this

claim of ineffective assistance of counsel was not contrary to or an unreasonable application

of Supreme Court law, and Dixon is not entitled to habeas relief on this claim.

### 3.     *Appellate Counsel's Failure to File Application for Rehearing*

Dixon next claims, as he did in his Rule 32 petition, that his appellate counsel was

ineffective for failing to file an application for rehearing with the Alabama Court of Criminal

Appeals after that court, on direct appeal, issued its memorandum opinion affirming his

convictions and sentence.  Doc. No. 1-1 at 5-6.  In affirming the Rule 32 court's rejection of

this claim, the Alabama Court of Criminal Appeals held:

> Next, Dixon alleges that his appellate counsel was ineffective for failing
> to file an application for rehearing with this Court after his convictions were
> affirmed on direct appeal.  However, in *Kinsey v. State*, 545 So. 2d 200, 203
> (Ala. Crim. App. 1989), this Court held that "a rehearing before this Court is
> a matter of discretion to which the right of counsel does not attach."  This
> Court further held:
>
> > "Since a rehearing is a discretionary review, [t]he appellant] had

> no right to counsel in the filing of an application for rehearing.
> Consequently, he could not be deprived of the effective
> assistance of counsel by his appointed counsel's failure to file an
> application for rehearing."

*Kinsey*, 545 So. 2d at 205.  Likewise, in the present case, Dixon had no right
of counsel in filing the application for rehearing after his convictions were
affirmed on direct appeal; thus, he could not be deprived of the effective
assistance of counsel by his counsel's failure to file an application for
rehearing.  Therefore, the circuit court did not err in denying this claim in
Dixon's Rule 32 petition.

Exh. J at 9.

As the respondents correctly note (Doc. No. 6 at 10-11), the Alabama Court of

Criminal Appeals' holding in *Kinsey v. State*, 545 So. 2d 200, 203 (Ala. Crim. App. 1989),

which was cited by the state appellate court in Dixon's case, is consistent with the United

States Supreme Court's holding in *Ross v. Moffitt*, 417 U.S. 600, 609 (1974), that a defendant

is not entitled to counsel during a discretionary state court appeal.  In assessing claims for

federal habeas relief, the state court need not cite, or even be aware of, applicable federal

law, as long as the state court's decision is not contrary to such law.  *See Early v. Packer*, 537

U.S. 3, 8 (2002).

In *Ross*, the Supreme Court held that, where a defendant has one appeal as of right,

the due process clause does not require a state to provide a defendant with counsel on a

discretionary appeal to the state supreme court.  417 U.S. at 602-16.  Because there is no

constitutional right to counsel to pursue discretionary review after an appeal of right, Dixon

has no ineffective-assistance-of-counsel claim for his appellate attorney's failure to file an

application for rehearing. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982) ("Since [the defendant] had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel" for his attorney's failure timely to file an application for discretionary review after completion of the first appeal). Therefore, the state court's rejection of Dixon's claim of ineffective assistance of appellate counsel was not contrary to or an unreasonable application of clearly established federal law and was not based on an unreasonable determination of the facts. Dixon is not entitled to habeas relief on this claim.

**B.    Procedurally Defaulted Claim**

The respondents argue that Dixon has procedurally defaulted his claim that the trial court erred in denying his motion to suppress the gun admitted in evidence at trial (Doc. No. 1-1 at 6-7) because he failed to present the claim to the state courts in accordance with the State's applicable procedural rules and the last state court to review the claim clearly and expressly stated that its judgment rested on Dixon's failure to substantially comply with the state procedural rule. *See* Doc. No. 6 at 11-12.

Dixon presented the claim regarding the trial court's denial of his motion to suppress the gun evidence in his Rule 32 petition, and the Rule 32 court found that the claim was without merit and was precluded because it could have been raised on direct appeal (where Dixon did not raise it). The Alabama Court of Criminal Appeals affirmed the Rule 32 court's ruling that the claim was procedurally barred, holding:

> Next, Dixon alleges that the circuit court erroneously denied his claim
> that the trial court erred when it denied his motion to suppress a gun that was

17

admitted into evidence at trial. The State asserts that this claim is precluded under Rule 32.2(a) (5), Ala. R. Crim. P., which provides that a petitioner will not be given relief under Rule 32 based on any claim "[w]hich could have been but was not raised on appeal," unless the claim is that the court was without jurisdiction to render judgment or to impose sentence. Dixon does not reply to the State's assertion. This Court has held that a claim in a Rule 32 petition that evidence should have been suppressed at trial is subject to the preclusionary bars of Rule 32.2(a), Ala. R. Crim. P. *See McNair v. State*, 706 So. 2d 828, 849 (Ala. Crim. App. 1997) (holding that a Rule 32 petitioner's claim that "[his] statements and the evidence seized as a result of the statements should have been suppressed because they were the result of an unlawful arrest, was precluded under Rule 32.2(a) (2) and (4), because it was raised and addressed at trial and on direct appeal"). Therefore, because Dixon's claim that the trial court erroneously denied his motion to suppress the gun could have been but was not raised on direct appeal, this claim is precluded from postconviction review.

Exh. J at 9-10.

"Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992)

By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

Because the Alabama Court of Criminal Appeals held that Dixon's claim regarding

18

the trial court's denial of his motion to suppress the gun evidence was procedurally barred under Ala. R. Crim. P 32.2(a) (5), the claim in his habeas petition is procedurally defaulted.

This court may reach the merits of Dixon's procedurally defaulted claim only in two narrow circumstances:

> First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default. *See Murray v. Carrier*, 477 U.S. 478, 485 (1986); [*Wainwright v.*] *Sykes*, 433 U.S. [72,] 87 [(1977) ].... Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray*, 477 U.S. at 495-96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id*.

*Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).

"[C]ause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" or that the procedural default resulted from ineffective assistance of counsel.[6]  *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Prejudice, in this context, means a reasonable probability that the outcome would have been different. *Jenkins v. Bullard*, 210 Fed. App'x 895, 898-901 (11th Cir. 2006). Dixon makes no attempt to demonstrate either cause for his failure to present his federal habeas claim to the state courts in compliance with applicable procedural rules, or the existence of actual prejudice

---

[6] "[A]n ineffective assistance of counsel claim being used for cause to excuse a procedural default of another claim is not itself excepted from the doctrine of procedural default." *Henderson v. Campbell*, 353 F.3d 880, 896 (11th Cir. 2003) (citing *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)).

emanating from infringement of federal law.

Absent a showing of cause and prejudice, a federal habeas court may yet consider a procedurally defaulted claim if a "fundamental miscarriage of justice" has "probably resulted in the conviction of one who is actually innocent." *Smith v. Murray*, 477 U.S. 527, 537–38 (1986). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623-24 (1998).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

*Schlup v. Delo*, 513 U.S. 298, 324 (1995). Dixon fails to make the requisite showing of actual innocence, and indeed makes no attempt to do so. He points to no new evidence – nor suggests that any exists – that could satisfy the difficult standard set forth in *Schlup*. Consequently, his procedurally defaulted claim is foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief under 28 U.S.C. § 2254 filed by Dixon be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **December 11, 2014** the parties shall file objections to

the said Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 24th  day of November, 2014.


/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE