IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LONNIE DIXON, #178770, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CASE NO. 1:11-cv-1112-WHA |
| | ) | |
| J. D. GILES, et al., | ) | (WO) |
| | ) | |
| Respondents. | ) | |

**<u>ORDER</u>**

This case is before the court on the Recommendation of the Magistrate Judge (Doc. #12), entered on November 24, 2014, together with the Petitioner's Objection (Doc. #15), filed on December 18, 2014.

The court has conducted an independent evaluation and *de novo* review of the Recommendation, the Objection and the file in this case.  Having done so, the court finds the objection to be without merit.

In his objection, the Petitioner specifically concedes the Magistrate Judge's recommended denial of all claims made in his petition except the following:

> 1.  The trial court was without jurisdiction to render judgment or impose sentence because the record in his case did not show that an oath was administered to the jury venire or the petit jury.

As noted in the Recommendation, this claim challenged the state court's application of state law and state procedural rules, and federal habeas relief for a person in custody under judgment of a state court is available only on the ground that the custody violates the

constitution, law or treaties of the United States.  The court agrees with the Magistrate Judge that a state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, because no federal constitutional question is presented.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Whether the trial court failed to follow state procedure regarding the jury oath is a matter of state law and is not cognizable on federal habeas corpus review.

As noted by the Magistrate Judge in his Recommendation, even if Dixon's claim were to be liberally construed to assert a federal due process claim, the claim would still warrant no relief.  The Alabama Court of Criminal Appeals found the statement in the certified record that the trial court "both generally and specifically qualified the jury venire" sufficient to establish that the oath was administered to the jury.  The appellate court also gave deference to the factual findings at the Rule 32 hearing before the circuit judge who presided over Dixon's trial that the jury was properly sworn prior to trial.  Dixon failed to show that the state court based its findings on a unreasonable determination of the facts in light of the evidence.  Further, he failed to show that the state court's rejection of his jury oath claim was contrary to or involved an unreasonable application of federal law established by United States Supreme Court precedent.[1]

Therefore, the court finds the objection to be without merit, and it is hereby OVERRULED.

The court ADOPTS the Recommendation of the Magistrate Judge, and it is hereby

ORDERED that this petition for habeas corpus relief under 28 U.S.C. § 2254 is DENIED, and this case is DISMISSED with prejudice.

---

[1] Dixon's argument concerning a "supplemental transcript" that was attached to the State's motion to dismiss his Rule 32 petition to refute his jury oath claim is immaterial, since the Alabama Court of Criminal Appeals held that this new material could not be considered in determining whether the jury had in fact been sworn in, and it did not consider that material.

DONE this 22nd day of January, 2015.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE